DENNIS, Circuit Judge,
concurring:
I concur in the order to transfer this case to another panel and write separately *209 only to express my view that this court should stay Chester’s execution scheduled for 6:00 p.m. tomorrow in order to afford the new panel adequate time to consider whether to recall the mandate and take further action in this case. If this court ultimately concludes that Chester’s motion to recall the mandate is without merit, no irreparable harm will have been done to the state and the execution can be rescheduled. Unless a temporary stay of the execution is granted, however, the court may be unable to give the issues presented the deliberate and judicious attention they deserve before the execution takes place. Chester’s execution, of course, will moot those issues and any constitutional injury to his rights will be irreparable.
This court unquestionably has the power to recall its mandate and render a new judgment in this matter. See Calderon v. Thompson, 523 U.S. 538, 549, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998); United States v. Tolliver, 116 F.3d 120, 123 (5th Cir.1997). Under the extraordinary circumstances of this case, this federal court also has the power in aid of its jurisdiction to stay the state’s execution pending the court’s consideration of the motion to recall the mandate. Although ordinarily a federal court will not intervene in state court criminal proceedings, see Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), there are exceptions to this rule in extraordinary circumstances. “[A] federal court may provide equitable intervention in a state criminal proceeding even in the absence of the usual prerequisites of bad faith and harassment when extraordinary circumstances in which the necessary irreparable injury can be shown are present.” Gilliam v. Foster, 75 F.3d 881, 904 (4th Cir.1996) (quoting Kugler v. Helfant, 421 U.S. 117, 123, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975)) (internal quotation marks omitted). The Supreme Court explained that federal injunctive relief against pending state prosecutions are appropriate only where there is proven harassment or prosecutions taken in bad faith, or where there are “other extraordinary circumstances where irreparable injury can be shown.” Kugler, 421 U.S. at 124, 95 S.Ct. 1524. The extraordinary circumstances must “creatfe] a threat of irreparable injury both great and immediate” in order to enable federal court intervention. Id. at 123, 95 S.Ct. 1524. There is no doubt that such requirements are met here. The circumstances of this case are unique and extraordinary, and has created a risk of immediate, great, and irreparable injury to Chester — namely, his execution before another panel has had an adequate opportunity to consider the motion to recall the mandate.